| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, COLORADO**<br>4000 Justice Way<br>Castle Rock, CO 80109<br><br>Plaintiff:   **MARLENE ISENHART**<br><br>v.<br><br>Defendants: **DILLON COMPANIES, LLC** *d/b/a* **KING SOOPERS and THE KROGER CO.** | DATE FILED: November 10, 2021 1:34 PM<br>FILING ID: 8C390E3B902EE<br>CASE NUMBER: 2021CV30810<br><br><br><br>▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Jenna D. Poe, #55784<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com<br>E-mail: jpoe@dlslawfirm.com | Case Number:<br><br><br>Division: |

## COMPLAINT

**COMES NOW**, Plaintiff, Marlene Isenhart through her counsel at The Law Offices of Dianne Sawaya, LLC, states and alleges the following for her *Complaint* against Defendants, Dillon Companies, LLC and The Kroger Co. as follows:

### IDENTIFICATION OF PARTIES

1. At all times relevant herein, Plaintiff, Marlene Isenhart (hereinafter "Plaintiff"), was a citizen of the State of Colorado, County of Douglas, City of Highlands Ranch, residing at 8675 Meadowlark Circle, Highlands Ranch, CO 80126.

2. Upon information and belief, and at all times relevant herein, Dillon Companies, LLC (hereinafter "Defendant Dillon") was the owner of the real property upon which Plaintiff was injured and was and is a Foreign Limited Liability Corporation that was in good standing with the State of Colorado, with its principal place of business located at 2700 East 4th St., Hutchinson, KS 67501-1903 and its registered agent Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120 that, at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the walkway and/or property, at the time of the

      incident giving rise to this action upon which Plaintiff fell and suffered injuries. It is known to do business under the name King Soopers.

3. Upon information and belief, and at all times relevant herein, The Kroger Co. (hereinafter "Defendant Kroger") was the owner of the real property upon which Plaintiff was injured and was and is a Foreign Corporation that was in good standing with the State of Colorado, with its principal place of business located at 1014 Vine St., Cincinnati, OH 45202-1100 and its registered agent Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120 that, at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the walkway and/or property, at the time of the incident giving rise to this action upon which Plaintiff fell and suffered injuries.

## VENUE AND JURISDICTION

4. The incident giving rise to this action occurred on November 12, 2019, on the real property that is commonly referred to as King Soopers, located at 2205 Wildcat Reserve Parkway, Highlands Ranch, CO 80129.

5. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

6. Venue is proper in the county of Douglas, State of Colorado pursuant to C.R.C.P. 98 because the tort in question occurred in Douglas County.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference paragraphs above as if fully set forth herein.

8. The incident giving rise to this action occurred in the afternoon on November 12, 2019, at which time Plaintiff was an invitee lawfully on the Property owned, operated, managed, or otherwise concerning activities under the legal responsibility of Defendants.

9. At the time of the incident, it was approximately 6:30 p.m. and Plaintiff was walking to King Soopers.

10. As Plaintiff was walking toward the entrance of King Soopers, owned, operated, management under the legal responsibility of Defendants she got her foot caught on a black parking block that was not properly secured to the walking surface and consequently resulted in an exposed rod.

11. Her fall led to injuries such as broken bones, torn rotator cuff and a traumatic brain injury.

12. On said date and time, Plaintiff was in an area which was owned, operated, managed, serviced, maintained, acted upon, or otherwise controlled by Defendants.

13. Venue is proper in the county of Douglas, State of Colorado pursuant to C.R.C.P. 98

because the tort in question occurred in Douglas County.

14. Plaintiff tripped on an uprooted parking block causing Plaintiff to directly and proximately suffer and sustain injuries, damages, and losses.

15. Plaintiff is the proper party to bring this claim.

16. Defendants had a duty to keep the premises free from dangerous conditions, including properly maintained parking lot blocks and adequate lighting.

17. These duties are non-delegable duties and cannot be contracted away.

18. Defendants had a duty to keep the premises free from dangerous conditions, to include a safe, and properly maintained parking lot blocks and adequate lighting.

19. Defendants, through reasonable inspection and monitoring, knew or should have known that an unsafe, dangerous, and improperly maintained parking lot blocks and inadequate lighting could cause invitees to fall and sustain injuries.

20. Defendants knew or should have known an unsafe, dangerous, and improperly maintained parking lot blocks and inadequate lighting existed and created a dangerous condition.

21. Defendants negligently and without due regard for the safety of others, allowed a known dangerous condition to exist and created a hazard to Plaintiff and others.

22. Defendants failed to place adequate warning or caution signs, cones, tape, or any other assisting, warning or notification devices in the area to protect lawful invitees from tripping on improperly maintained parking lot blocks.

23. Defendants failed to inspect, warn, caution, or properly maintain its parking lot blocks and provide adequate lighting at King Soopers.

24. At all times relevant herein, the Defendants were responsible for maintaining the premises, including but not limited to the parking lot blocks and adequate lighting in a reasonably safe condition so that invitees, employees, customers, and visitors to the Property therein would not be injured due to, among other things, an unsafe, dangerous, and improperly maintained parking lot blocks.

25. At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

26. At all times relevant herein, Plaintiff mitigated her damages.

27. As a result of the November 12, 2019 slip and fall, Plaintiff sustained severe and permanent injuries, damages, and losses.

28. As a result of the incident giving rise to this action, Plaintiff incurred reasonable and necessary past and future medical expenses and other economic expenses and damages, to include loss of wages and earnings.

29. As a result of the November 12, 2019 slip and fall, Plaintiff has incurred economic damages including past and future medical expenses including, but not limited to, emergency care, hospital care, physician charges, surgical care, diagnostic testing and imaging, physical therapy and other therapeutic needs to treat the injuries she sustained, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

30. As a result of the November 12, 2019 slip and fall, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

**FIRST CLAIM FOR RELIEF**
**(C.R.S. §13-21-115 AGAINST ALL DEFENDANTS)**

31. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

32. Plaintiff was an invitee of Defendants as that term is contemplated by C.R.S. §13-21-115.

33. At the time and place of the incident indicated above, Plaintiff was an invitee of Defendants, which on information and belief had common-law and contractual duties to Plaintiff to allow Plaintiff to enter and remain on a safe and non-hazardous premise.

34. It was the Defendants' express representation that Plaintiff was intended to enter or remain on such premises.

35. At the time and place of the incident indicated above, Defendants were a statutory or actual "landowner" within the meaning of C.R.S. §13-21-115 and were legally responsible for the condition of the premises where Plaintiff fell.

36. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property, within the meaning of C.R.S. §13-21-115 and Plaintiff was an "invitee" of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. §13-21-115.

37. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries, damages, and losses as described above, is liable for its actions, omissions, and inactions and for those of any maintenance company, cleaning company,

known or unknown, partner, contractor, subcontractor, agent, servant, successor, predecessor, heir, assign or volunteer.

38. Defendants are liable to Plaintiff as an invitee, for damages and injuries sustained by the Plaintiff, which was caused by the Defendants and any partner, agent, servant, contractor, subcontractor, maintenance company, cleaning company, or volunteer for the unreasonable failure to exercise reasonable care to protect against the dangers of which were known or should have been known pursuant to C.R.S. §12-21-115(3)(c).

39. Defendants had a duty to Plaintiff to use reasonable care to protect Plaintiff against dangers which the Defendants knew or should have known existed at the time Plaintiff was injured.

40. Defendants either knew or should have known of the dangers created by an unsafe and angled sidewalk in the walkway on the date of the incident.

41. Upon information and belief, Defendants knew of the dangers created by an unsafe parking block and inadequate lighting on the date of the incident.

42. Despite this notice, Defendants failed to adequately repair, maintain, service, the parking lot which contained an unsafe parking block.

43. Defendants should have taken reasonable measures, such as inspecting and maintaining its premises, placing adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area.

44. Defendants were negligent when the Defendants, it's employees, and/or agents failed to use reasonable care to prevent the injuries, damages, and losses to Plaintiff.

45. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

46. Defendants unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known directly and proximately caused Plaintiff's injuries, damages, and losses.

47. The conduct of Defendants and its agents, officers, and employees was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. §13-21-115. As a direct and proximate result of Defendants' negligence and careless conduct, Plaintiff incurred injuries, damages, and losses.

48. The employees and/or agents of the Defendants were acting in the course and scope of their employment and/or agency with Defendants.

49. As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable

care to protect against dangers of which it knew or should have known, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic testing and imaging, surgical intervention, prescription medications, and other expenses.

50. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it knew or should have known directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

51. Accordingly, Plaintiff seeks general and special damages from the Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

## SECOND CLAIM FOR RELIEF
(**NEGLIGENCE AGAINST C.R.S. §13-21-115 AGAINST ALL DEFENDANTS**)

52. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

53. In the alternative to Plaintiff's claim under C.R.S. §13-21-115, above, Plaintiff brings suit under negligence.

54. At all times relevant hereto, Defendants owned, operated, maintained, controlled, serviced, cleaned, managed or otherwise acted upon/conducted activities upon the aforementioned premises.

55. To the extent the Defendants are not a landowner, the failure to correct a dangerous condition, such as an unsafe parking block and inadequate lighting, still imposes liability as they acted unreasonably and were negligent in that process, as seen from the below allegations.

56. Defendants owed a duty to Plaintiff and breached that duty by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to inspect and maintain the premises, failing to remove, failing to place adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, securing and/or warning patrons about the unsafe parking block so as to prevent invitees/persons from falling and injuring themselves in the area, in a reasonably prudent manner so as to avoid causing harm or injury to Plaintiff.

57. As a direct and proximate result of Defendants' negligence and careless conduct, and failure to exercise reasonable care, Plaintiff incurred injuries, damages, and losses.

58. As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic imaging and testing, prescription medications, and other expenses.

59. Defendants' failure to exercise reasonable care directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

60. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as set forth below:

Plaintiff requests that judgment be entered in favor of the Plaintiff and against Defendants in an amount to fairly compensate her for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as the Court deems just and proper and/or Plaintiff prays for the following relief including and without limitation:

i) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.

ii) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.

iii) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

iv) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.

v) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life and emotional distress.

vi) For interest as provided by Statute from the date of the incident which forms the basis of the *Complaint* to the date of verdict or judgment, and for costs and fees incurred in the prosecution

of the matter and for any other and further relief as the Court may deem just.

Dated: November 10, 2021                                        Respectfully Submitted,

                                      **Law Offices of Dianne Sawaya, LLC**

                              *By:* *s/ Jenna D. Poe*
                                    Jenna D. Poe, Esq.
                                    Nathan T. Mattison, Esq.
                                    *Attorneys for Plaintiff*